# CUDDY LAW FIRM, PLLC
## SPECIAL EDUCATION AND SPECIAL NEEDS PLANNING ATTORNEYS

ANDREW CUDDY
MANAGING ATTORNEY

BENJAMIN KOPP
ASSOCIATE ATTORNEY
BKOPP@CUDDYLAWIFIRM.COM
DIRECTDIAL 315-207-5584

April 8, 2022

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Case:** **N.L., et al. v. New York City Dept. of Educ., 1:21-CV-11215-LGS**

Dear Hon. Schofield:

I am the attorney assigned at Cuddy Law Firm, P.L.L.C., to represent Plaintiff N.L. in this action. I write to correct statements made by opposing counsel concerning my client's claims before this Court.

Defendant's letter states that Case No. 223953 "concerns Plaintiff's claim for pendency services", which is untrue. "Pendency" is the colloquial term for the IDEA's "stay-put" provision, to govern where a child is placed while hearings or other litigation concerning her placement is pending. *See* 20 U.S.C. § 1415(j). While enforcement of M.C.'s pendency placement is Plaintiff's First Cause of Action, that enforcement is part of a district court's original jurisdiction and has nothing to do with Plaintiff's request concerning the hearing itself.

Defendant's letter also states that the agency "does not dispute Plaintiff's entitlement…pursuant to pendency", which does not cover the full school year, and thus, does not cover the full tuition. Plaintiff remains obligated to the private school to have tuition funded for the full school year, and Defendant is not funding the non-pendency portion of this period. This is why it is important for Plaintiff to have the hearing's claims resolved; but because there is not a hearing officer, she must rely upon this Court's assumption of jurisdiction.

Respectfully,

s/ Benjamin M. Kopp
Benjamin M. Kopp, Esq.

Application **GRANTED in part**.  Plaintiff's motion to stay the fee claims related to Case Nos. 192541 and 195403 and to extend the briefing schedule for the motion for summary judgment by thirty day is granted.  By **May 19, 2022**, Plaintiff shall file a motion for summary judgment; by **June 9, 2022**, Defendant shall file any opposition and any cross-motion for summary judgment; by **June 30, 2022**, Plaintiff shall file any reply and any opposition to Defendant's cross-motion for summary judgment; and by **July 14, 2022**, Defendant shall file a reply in support of the cross-motion for summary judgment.  The parties shall otherwise comply with the Court's Individual Rules and the pages limits in Dkt. No. 11, except that Plaintiff may file the entirety of the administrative record in support of the motion.

Plaintiff's motion for the Court to assume jurisdiction over Case. No. 223953 is denied without prejudice to renewal.  By **April 19, 2022**, the parties shall file a joint letter, not to exceed five pages, apprising the Court of the status of that case and explaining why no hearing officer has been appointed.

Dated:  April 12, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE