UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
            :
N.L., et al.,         :
            :
                          Plaintiffs,    :      21 Civ. 11215 (LGS)
            :
              -against-             :      **OPINION & ORDER**
            :
NEW YORK CITY DEPARTMENT OF    :
EDUCATION,        :
                         Defendant.    :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       Plaintiffs bring this action pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3).  On May 19, 2022, Plaintiffs filed a motion for summary judgment seeking attorneys' fees, costs and prejudgment interest in the total amount of $62,313.98, for work performed by the Cuddy Law Firm ("CLF").  On January 20, 2023, the Honorable Sarah Netburn issued a Report and Recommendation (the "Report"), which recommended granting in part Plaintiffs' motion and awarding attorneys' fees and costs in the amount of $45,035.87.  Plaintiffs and Defendant each timely filed objections, and Plaintiffs filed a response to Defendant's objections.  For the reasons below, the Report is modified. Plaintiffs shall recover $41,220.87.

       **I.**       **BACKGROUND**

       Familiarity with the Report and the structure of the IDEA is assumed.  The facts relevant to the parties' objections are below.

       N.L. is the parent of M.C., a child with a disibility as defined by the IDEA.  On February 7, 2020, attorneys at CLF initiated a due process complaint regarding M.C.'s placement and education for the 2019-2020 school year.  On July 1, 2020, CLF filed a due process complaint

regarding the 2020-2021 school year. On July 17, 2020, the Impartial Hearing Officer ("IHO") consolidated the complaints.

The IHO held a status conference on August 14, 2020, and five hearings from September 2020 to January 2021. The status conference lasted seven minutes and the hearings lasted, cumulatively, eight hours and twenty-eight minutes. At the hearings, Plaintiffs called five witnesses, and Defendant called two witnesses. On January 25, 2021, the IHO issued his Findings of Facts and Decision in the consolidated case, which neither party appealed. The IHO found that Defendant had failed to offer M.C. a free appropriate public education ("FAPE"), as required by the IDEA, for both school years. The IHO ordered Defendant to pay the tuition for M.C.'s private placement, pay or reimburse for neurophsycological evaluation and conduct speech and language, occupational therapy and physical therapy, all within forty-five days. On June 22, 2021, Plaintiffs submitted a demand for attorneys' fees related to the administrative proceedings.

On December 30, 2021, Plaintiffs initiated this action, and on January 25, 2022, Plaintiffs amended the Complaint. On May 19, 2022, Plaintiffs moved for summary judgment. On June 15, 2022, Defendant made an offer of settlement of $36,500. Plaintiffs rejected the settlement offer. Plaintiffs seek $40,053.57 in fees and costs for the administrative proceedings, and $26,523.60 in fees and costs for the federal court litigation, for a total of $66,577.17. Plaintiffs also seek pre-judgment interest on the fee award related to the administrative proceedings. As noted, the Report recommends awarding attorneys' fees and costs of $45,035.87.

## II.    LEGAL STANDARDS

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long

as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)), *aff'd sub nom. Hochstadt v. N.Y. State Educ. Dep't*, 547 F. App'x 9 (2d Cir. 2013).  A district court need only satisfy itself that "no clear error [is apparent] on the face of the record."  *See, e.g.*, *Candelaria v. Saul*, No. 18 Civ. 11261, 2020 WL 996441, at *1 (S.D.N.Y. Mar. 2, 2020).

A district court must conduct a de novo review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015).  "When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report strictly for clear error."  *Espada v. Lee*, No. 13 Civ. 8408, 2016 WL 6810858, at *2 (S.D.N.Y. Nov. 16, 2016) (internal quotation marks omitted).

Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability," based on "rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished."  20 U.S.C. § 1415(i)(3)(B)-(C).  To calculate a "presumptively reasonable fee," a district court first determines the appropriate billable hours expended and sets a "reasonable hourly rate."  *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008)).  "Such fees must be reasonable and based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished."  *S.J. v. N.Y.C. Dep't of Educ.*, No. 21-240-cv, 2022 WL 1409578, at *1 (2d Cir. May 4, 2022) (internal quotation marks omitted).  In determining an appropriate hourly rate, a court should consider, "all pertinent factors, including the *Johnson* factors."  *Lilly*, 934 F.3d at

230 (discussing *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 (1989)).  These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 228 (internal quotation marks omitted).  "A district court need not recite and make separate findings as to all twelve *Johnson* factors, provided that it takes each into account in setting the attorneys' fee award." *A.G. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 7577, 2021 WL 4896227, at *4 (S.D.N.Y. Oct. 19, 2021) (internal quotation marks omitted), *appeal docketed*, No. 21-2848-cv (2d Cir. Nov. 15, 2021).  In making this determination, a court should step "into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively." *O.R. v. N.Y.C. Dep't of Educ.*, 340 F. Supp. 3d 357, 364 (S.D.N.Y. 2018) (quoting *Arbor Hill*, 522 F.3d at 184).  However, "trial courts need not, and indeed should not, become green-eyeshade accountants.  The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *C.B. v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 7337, 2019 WL 3162177, at *5 (S.D.N.Y. July 2, 2019) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).  "[A] district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application." *M.D. v. N.Y.C. Dep't of Educ.*, No. 17 Civ. 2417, 2018 WL 4386086, at *4 (S.D.N.Y. Sept. 14, 2018) (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006)).

## III. DISCUSSION

The Report recommends (1) attorney billing rates of $420 an hour (Andrew Cuddy and Jason Sterne), $325 an hour (Kevin Mendillo) and $300 an hour (Benjamin Kopp); (2) paralegal billing rates of $125 an hour (Benjamin Kopp, Amanda Pinchak and Shobna Cuddy) and $100 an hour (Allyson Green, Caitlin O'Donnell, Burhan Meghezzi and Khrista Smith); (3) reimbursement of the full requested amount of attorney and paralegal time spent on the administrative proceedings; (4) reimbursement of 80% of the requested attorney time and the full requested amount of paralegal time spent on the federal case; (5) costs as Plaintiffs request and (6) an award of post-judgment interest, but not pre-judgment interest. Plaintiffs object to the recommended attorney and paralegal rates, the 20% reduction in attorney time reimbursed on the federal action and the lack of pre-judgment interest. Defendant objects to the recommended attorney and paralegal rates and the recommended hours to be reimbursed for both the administrative proceedings and the federal case. Accordingly, those portions of the Report are reviewed de novo, while the remaining portions of the Report are reviewed for clear error.

### A. Hourly Rates

Both parties object to the Report's recommended hourly rates for attorneys. The rates recommended by the Report are adopted, except that Mr. Kopp's billing rate is reduced to $250 an hour.

The determination of a reasonable hourly rate "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel, an inquiry that may include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012) (internal quotation marks omitted); *accord M.D. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 6060, 2021 WL 3030053, at *2 (S.D.N.Y. July 16, 2021), *appeal*

*docketed*, No. 21-1961-cv (2d Cir. Aug. 10, 2021). As the Report correctly notes, the nature of administrative proceedings here support an award of rates somewhat higher than in cases with uncontested hearings. In this case, the administrative proceedings lasted around eight and a half hours, during which Plaintiffs presented five witnesses and introduced thirty-five exhibits, and Defendant presented two witnesses and introduced seven exhibits. Defendant did not concede that it had not provided N.L. a FAPE. The cases Defendant cites are distinguishable because the courts awarded lower rates due to the hearing being uncontested or otherwise straightforward. *See M.R. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 5503, 2022 WL 4396835, at *3 (S.D.N.Y. Sept. 23, 2022) (rejecting a Report and Recommendation's recommended fee award "in light of the relatively uncomplicated nature of the work involved in this case"), *modified on other grounds*, 2022 WL 16575767 (Oct. 31, 2022), *appeal docketed*, No. 22-2449-cv (2d Cir. Oct. 4, 2022); *M.D.*, 2021 WL 3030053, at *5 (noting "Defendant conceded failure to provide a FAPE at the first hearing and presented no witnesses" in setting rates); *S.J. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 1922, 2021 WL 100501, at *4 (S.D.N.Y. Jan. 12, 2021) ("Here, success came in the context of an uncontested proceeding lasting less than two hours, regarding relatively straightforward issues."), *aff'd*, No. 21-240-cv, 2022 WL 1409578 (2d Cir. May 4, 2022). Plaintiffs argue that the Report erred in citing cases that featured comparatively straightforward administrative proceedings and yet declining to match or exceed the rates applied in those cases. This argument is unpersuasive because rates in IDEA fee cases are set on a case-by-case basis and depend on many factors, including the non-exhuastive *Johnson* factors -- as the decisions Plaintiffs cite demonstrate. *See, e.g.*, *Y.S. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 711, 2022 WL 3572935, at *6 (S.D.N.Y. Aug. 19, 2022) ("The Court has carefully considered the evidence submitted and all of the *Johnson* factors in its analysis for each timekeeper."), *appeal docketed*, No. 22-1914-cv (2d Cir. Sept. 1, 2022); *B.C. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 2840, 2022 WL 3214374, at *7

6

(S.D.N.Y. Aug. 9, 2022) (setting rates "[a]fter reviewing [case-specific] materials, considering the Johnson factors, and looking to similar judicial decisions within this district"), *appeal docketed*, No. 22-1918-cv (2d Cir. Sept. 1, 2022); *see also Lilly*, 934 F.3d at 230 ("The district court, in exercising its considerable discretion, should bear in mind *all* of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." (cleaned up)).

Defendant's argument that the rates awarded to Plaintiffs should be discounted across the board to reflect CLF's relatively low overhead costs from operating out of Auburn, New York fails. In setting fees, a district court "should use the prevailing hourly rate in the community," and "the community for purposes of this calculation is the district where the district court sits." *Arbor Hill*, 522 F.3d at 190 (cleaned up). Here, the rates awarded reflect those prevailing in the Southern District of New York. Defendant notes that the Court has previously declined to reimburse CLF for travel costs, because a reasonable client would not retain an upstate attorney only to pay higher New York City rates plus travel costs. *See M.D.*, 2021 WL 3030053, at *5. However, unlike in *M.D.*, Plaintiffs do not seek reimbursement of travel costs here.

With these principles applicable to all attorneys and paralegals in mind, the Court turns to the rates of individual billers.

### 1. Benjamin Kopp

The Report's recommendation of $300 an hour for Mr. Kopp's time billed as an attorney is modified to $250 an hour. Plaintiffs seek a billing rate of $400 an hour, and Defendant seeks a rate of $225; in its objections to the Report, Defendant seeks a further reduction to "no more than $168 an hour." The Court previously awarded Mr. Kopp $200 per hour for his work in uncontested administrative proceedings in 2018. *See S.J.*, 2021 WL 100501, at *4.

Mr. Kopp shall be reimbursed at a rate of $250 per hour for his work in this case, to reflect his increased experience and the greater skill required to prevail at the hearings in this matter, plus rate increases due to inflation between 2018 and 2023. *See Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) ("The rates used by the court should be current rather than historic hourly rates." (internal quotation marks omitted)); *Webber v. Dash*, No. 19 Civ. 610, 2022 WL 2751874, at *9 (S.D.N.Y. July 14, 2022), *appeal docketed*, No. 22-1389-cv (2d Cir. June 28, 2022). The Report correctly identifies that Mr. Kopp is responsible for Plaintiffs' success in the administrative proceedings. This rate sits at the high end of the range of recent awards for Mr. Kopp issued by courts in this District and reflects the comparative difficulty of this case. *See N.A. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 2643, 2022 WL 17581774, at *9 (S.D.N.Y. Dec. 12, 2022) ($225 an hour, for work in 2019-2021), *appeal docketed*, No. 23-9-cv (2d Cir. Jan 5, 2023); *K.E. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 2815, 2022 WL 4448655, at *13 (S.D.N.Y. Sept. 23, 2022) ($250 per hour, for work in 2018-2019), *appeal docketed*, No. 22-2454-cv (2d Cir. Oct. 4, 2022); *Y.S. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 2159, 2022 WL 4096071, at *3 (S.D.N.Y. Sept. 6, 2022) ($200 an hour, for work in 2019-2020), *appeal docketed*, No. 22-2623-cv (2d Cir. Oct. 7, 2022).

The cases the parties cite in support of a higher or lower rate are not binding, and in any event, support this conclusion. For example, Plaintiffs cite *Y.S.*, 2022 WL 3572935, and *B.C.*, 2022 WL 3214374, where Mr. Kopp was awarded $300 an hour. In turn, Defendant cites *M.R.*, 2022 WL 4396835, *N.A.*, 2022 WL 17581774, and *M.H.*, No. 20 Civ. 1923, 2021 WL 4804031 (S.D.N.Y. Oct. 13, 2021), where Mr. Kopp was awarded $168, $225 and $200 an hour, respectively. These cases are each distinguishable: in *Y.S.*, Mr. Kopp's higher rate reflected Defendant's noncompliance with a preliminary injunction, "exacerbat[ing] the difficulty of this federal litigation," 2022 WL 3572935, at *6, for which there is no parallel here. In *B.C.*,

Defendant did not directly address Mr. Kopp's rate in its motion papers, as he was reimbursed for only 0.7 hours of time, making it less persuasive in setting Mr. Kopp's rate here. *See* Memorandum of Law in Opposition to Plaintiff's Motion for Attorneys' Fees, *B.C.*, No. 21 Civ. 2840, ECF No. 35. Defendant's cases are likewise distinguishable. *M.R.* concerned "relatively uncomplicated . . . work," 2022 Wl 4396835, at *1, and *M.H.* compensated work that was "more quotidian and carried lesser risk," 2021 WL 4804031, at *14, while *N.A.* awarded fees for work Mr. Kopp performed in 2018, 2022 WL 17581774, at *8. More to the point, under the relevant standard, attorney rates must be set "by considering all pertinent factors, including the *Johnson* factors," and "taking account of all case-specific variables." *Lilly*, 934 F.3d at 230 (internal quotation marks omitted). A case-specific analysis of the *Johnson* factors and the record in this case -- including Mr. Kopp's relatively junior status, the central role he played in the administrative proceedings and awards in comparable cases, as well as the rest of the *Johnson* factors -- support an award of $250 an hour for Mr. Kopp.

Plaintiffs' remaining arguments also fail. Their argument that the Report misstated Mr. Kopp's work history is unpersuasive, because whether Mr. Kopp primarily handled fee litigation and then added administrative proceedings to his practice, or the reverse, has no effect on the outcome. To the extent there was any error in the Report's findings of Mr. Kopp's job history, it is harmless as it does not affect the setting of Mr. Kopp's rates. Next, the IHO's comment predicting that CLF would seek fees for Mr. Kopp's time at "5, 6, $700 an hour" does not provide any benchmark for setting his rates, and the Report properly ignored it. Finally, the Report's statement that its recommended rate "is appropriate for 2023" and reflects Kopp's "current rate" is irrelevant, as Mr. Kopp's rate is set de novo. However, Mr. Kopp's rate is set with reference to "awards in similar cases," a *Johnson* factor that must be considered under *Lilly*. *See* 934 F.3d at 228.

### 2. Andrew Cuddy, Jason Sterne, and Kevin Mendillo

The Report's recommendations of $420 per hour for Mr. Cuddy and Mr. Sterne and $325 an hour for Mr. Mendillo are adopted. Plaintiffs seek rates of $550 (Cuddy and Sterne) and $450 (Mendillo) per hour, while Defendant requests $367.50 (Cuddy and Sterne) and $210 (Mendillo) per hour.

Plaintiffs' objection regarding the Report's recommendation as to Cuddy and Mendillo is essentially that the court awarded higher rates in *Y.G. v. New York City Department of Education*, No. 21 Civ. 641, 2022 WL 1046465 (S.D.N.Y. Apr. 7, 2022), *appeal docketed*, No. 22-1184-cv (2d Cir. May 27, 2022), which is more factually analogous to this case than *Y.S.* or *B.C.*, and therefore those rates should be awarded here. However, *Y.G.* is an outlier in this District. *See B.C.*, 2022 WL 3214374, at *5 ("[*Y.G.*] is alone in granting A. Cuddy $550, and is the only case in the last three years that has awarded Cuddy over $420 per hour for his work." (collecting cases)). Moreover, in *Y.G.*, "the administrative hearing was heavily contested and required the skill of an experienced IDEA litigator to prevail," 2022 WL 1046465, at *2. Although the hearing was contested in this case, Plaintiffs have not shown that this case was contested to the point of supporting an fee award as high as in *Y.G.* Plaintiffs' objection regarding Mr. Cuddy and Mr. Mendillo's rates is overruled.

To the extent that Plaintiffs argue that Mr. Sterne's rate should be increased to reflect a successful outcome, this argument also fails. A successful outcome is required to recoup attorneys' fees at all and does not entitle a prevailing party to a premium.

Defendant's objections are also overruled. The three cases that it cites to support lower rates for Cuddy, Sterne and Mendillo each involved uncontested or comparatively simpler administrative proceedings than those at issue here. *See M.R.*, 2022 WL 4396835, at *3 (lowering fees due to "the relatively uncomplicated nature of the work involved in this case");

10

*C.B. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 6914, 2022 WL 3577837, at *7 (S.D.N.Y. Aug. 19, 2022) ("The underlying proceedings . . . were straightforward and minimally contested by the Defendant."); *M.D.*, 2021 WL 3030053, at *3 ("Defendant conceded failure to provide a FAPE at the first hearing and presented no witnesses.").

### 3. Paralegals

The Report's recommended rates for CLF's paralegals are adopted. Plaintiffs object to the recommended rates of $125 and $100 an hour for CLF's paralegals, arguing that the Report ignored that Defendant consented to a $225 an hour paralegal rate during the preparation of the administrative record. The record evidence Plaintiffs cite does not support this characterization. In correspondence between the parties, CLF stated that it "would be asking for our paralegals to be compensated at their $225/hr rates" for time spent preparing the record, and Defendant responded that it was "fine with [CLF's] paralegals preparing the record." This exchange does not suggest that Defendant consented to the rate CLF requests.

Finally, Defendant conclusorily asserts that all paralegals save Slaski should be reimbursed at $100 per hour. Because no argument or support is offered in favor of this objection, it is overruled.

\*   \*   \*

In sum, the Report's recommendations regarding the billing rates for Cuddy, Sterne, Mendillo and CLF's paralegals are adopted. The Report is modified with respect to Mr. Kopp's rate, which is reduced to $250 per hour.

### B. Hours Expended

Both parties object to the Report's recommendation that Plaintiffs receive fees for all of the billed hours on the administrative hearing and the paralegal time spent on the federal action, and 80% of the attorney hours on the fee application. Plaintiffs object to the Report's proposed

20% reduction in attorney time for the federal action, while Defendant objects to the fact that the proposed reduction was not larger and that none was recommended for the administrative proceedings. Both parties' objections are overruled, and the Report's recommendations regarding the hours for which to award fees are adopted.

A fee award should only reflect those hours that were "usefully and reasonably expended" to achieve victory in the case. *Haley v. Pataki*, 106 F.3d 478, 484 (2d Cir. 1997) (internal quotation marks omitted); *accord K.E.*, 2022 WL 4448655, at *7. Courts may exercise discretion to determine the appropriate number of hours to reimburse, removing any billed hours that are "excessive, redundant, or otherwise unnecessary" in light of the litigation. *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999); *accord N.A.*, 2022 WL 17581774, at *4. "The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *C.B.*, 2019 WL 3162177, at *5 (internal quotation marks omitted).

Regarding the administrative hearing, Plaintiffs seek fees for 85.4 hours of attorney time and 19.6 hours of paralegal time, which the Report recommends granting in full. Defendant objects, collecting cases from this District that imposed percentage reductions on the administrative proceedings, ranging from 15% to 40%. However, the across-the-board deductions in ten of the thirteen cited cases were due to the fact that the hearing was uncontested or otherwise straightforward. *See M.R.*, 2022 WL 4396835, at *1 ("[T]he Court reduces the number of hours billed for the administrative proceeding by an additional 15% given the very straightforward nature of the proceedings."); *T.H. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 10962, 2022 WL 16945703, at *3 (S.D.N.Y. Nov. 15, 2022) ("[T]he proceeding seems to have been a fairly straightforward administrative matter. . . . [T]he DOE did not present a case in opposition." (internal quotations omitted)), *appeal docketed*, No. 23-10-cv (2d Cir. Jan. 5, 2023); *N.A.*, 2022 WL 17581774, at *7 ("[T]he IHO proceeding in the instant case lasted one hour, and was largely

12

uncontested."); *Y.S.*, 2022 WL 4096071, at *3 ("[T]he underlying proceeding appears to have been a fairly straightforward administrative matter."); *F.N. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 3379, 2022 WL 3544128, at *5 (S.D.N.Y. Aug. 18, 2022) (describing the hearing as "essentially uncontested"), *appeal docketed*, No. 22-1948-cv (2d Cir. Sept. 6, 2022); *B.C.*, 2022 WL 3214374, at *8 ("[T]his hearing . . . was uncontested in significant part."); *R.P. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 4054, 2022 WL 1239860, at *5 (S.D.N.Y. Apr. 27, 2022) (describing "the short and uncontested nature of the hearing"), *appeal docketed*, No. 22-977-cv (2d Cir. May 2, 2022); *H.A. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 10785, 2022 WL 580772, at *10 (S.D.N.Y. Feb. 25, 2022) (reducing fees for an uncontested hearing), *appeal docketed*, No. 22-586-cv (2d Cir. Mar. 18, 2022); *L.L. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 2515, 2022 WL 392912, at *4-5 (S.D.N.Y. Feb. 9, 2022) (same), *appeal docketed*, No. 22-422-cv (2d Cir. Feb. 28, 2022); *R.G. v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 6851, 2019 WL 4735050, at *4 (S.D.N.Y. Sept. 26, 2019) (finding time unreasonable in part due to "the few witnesses and exhibits introduced during the hearing"). *But see* Report and Recommendation on Motion for Attorneys' Fees, *V.W. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 6495, at *15-16 (S.D.N.Y. Sept. 29, 2022), ECF No. 46 (recommending a reduction of fees for administrative hours due to overbilling, rather than simplicity of proceedings); *K.E.*, 2022 WL 4448655, at *15 (reducing fees due to partial success and overbilling); *M.M. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 6915, 2022 WL 3043218, at *10 (S.D.N.Y. Aug. 2, 2022) (reducing fees due to overbilling), *appeal docketed*, No. 22-1915-cv (2d Cir. Oct. 12, 2022). That is not the case here, undercutting the persuasive weight of these decisions. Similarly, the ratio of preparation time to hearing time related to one day of the hearing does not require a percentage reduction, as Defendant argues. As the Report notes, portions of the billing related to the administrative proceedings reflect Defendant's own actions,

including its last-minute decision to contest the proceedings, and therefore as a matter of "rough justice," no percentage reduction is required to the hours billed for the administrative proceeding.

The Report's recommended 20% deduction of attorney billing in the federal action is also adopted. Plaintiffs seek fees for 60.5 hours of attorney time and 1.9 hours of paralegal time. The Report's recommended deduction is justified in light of Plaintiffs' filings in this action. For example, the Complaint includes a needless play-by-play and extensive block quotes of hearing proceedings. Plaintiffs' opening memorandum of law similarly rehearses background matters in unnecessary detail, such as in its twelve-page statement of facts providing the "legal and political landscape" and information on M.C.'s administrative proceedings not at issue in this fee application. As the Report notes and as the cases cited in this Order indicate, CLF is no stranger to fee litigation, and should be able to assemble its fee materials in fewer than sixty hours. Further, specific billing entries for which CLF seeks fees support a reduction in fees. Mr. Kopp seeks time for the insertion of tables of contents and authorities into the memorandum of law, tasks better handled by a paralegal. Mr. Kopp also seeks fees for at least 10.1 hours of time for drafting the reply brief, again including time spent generating tables of contents and authorities. This figure is excessive and supports a reduction. Accordingly, the Report's recommended reduction of 20% for attorney time spent on the federal action is adopted, to achieve "rough justice."

### C. Pre-Judgment Interest

The Report's recommendation to deny pre-judgment interest is adopted. Assuming the Court has discretion to award pre-judgment interest, an open question in this Circuit, *see M.H. v. N.Y.C. Dep't of Educ.*, 2021 WL 4804031, at *29-30, such an award is inappropriate here where the awarded billing rates reflect current rates and adequately compensate Plaintiffs.

### D.  Remaining Report

As to the remainder of the Report to which neither party objected -- essentially, the award of costs and post-judgment interest -- the Court finds no clear error on the face of the record. Accordingly, these portions are adopted in full.  *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *accord Zukergood v. Kijakazi*, No. 21 Civ. 6464, 2023 WL 375089, at *1 (S.D.N.Y. Jan. 24, 2023).

### E.  Settlement Offer

In light of the above, as of June 15, 2022, Plaintiffs accrued $38,359.67 in fees and costs. This is more than Defendant's settlement offer of $36,500, made the same date.  Under the IDEA, a plaintiff may not recover fees or costs for services performed subsequent to the time of a written offer of settlement that exceeds the relief awarded.  *See* 20 U.S.C. § 1415(i)(3)(D)(i) (stating that court may not award fees for services performed "subsequent to the time of a written offer of settlement . . . [if] the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement").  Because Plaintiffs' final award of fees and costs as of June 15, 2022, exceeds the settlement offer, this provision does not apply, and Plaintiffs' recovery is not capped.

## IV.  CONCLUSION

For the reasons above, the Report is adopted, with the modification that Mr. Kopp's attorney time will be reimbursed at $250 an hour.  For clarity, Plaintiffs are granted attorneys'

fees in the amount of $40,684.70 and costs in the amount of $536.17, for a total of $41,220.87, plus post-judgment interest calculated at the applicable statutory rate.

The Clerk of Court is respectfully directed to close the motion at Dkt. 21.

Dated: March 15, 2023
      New York, New York

                                                **LORNA G. SCHOFIELD**
                                           **UNITED STATES DISTRICT JUDGE**